Matter of ARB Park, Inc. v New York State Dept. of Transp. (2026 NY Slip Op 00126)

Matter of ARB Park, Inc. v New York State Dept. of Transp.

2026 NY Slip Op 00126

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-10305
 (Index No. 701472/23)

[*1]In the Matter of ARB Park, Inc., appellant, 
vNew York State Department of Transportation, et al., respondents.

Miletti Law, P.C., Astoria, NY (Vincent Miletti of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Philip J. Levitz and David Lawrence III of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Transportation dated December 23, 2022, which, after a hearing, found that the petitioner had violated Highway Law § 52, the petitioner appeals from a judgment of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered October 23, 2023. The judgment, insofar as appealed from, denied the petition and dismissed the proceeding insofar as asserted against the respondent New York State Department of Transportation.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In January 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Transportation (hereinafter the DOT) which, after a hearing, found that the petitioner had violated Highway Law § 52 by operating a commercial parking lot without obtaining a permit on certain property owned by the State of New York. In their answer, the respondents asserted various affirmative defenses, including lack of personal jurisdiction over the DOT based upon the petitioner's failure to properly serve the New York State Attorney General at the correct office. In a judgment entered October 23, 2023, the Supreme Court, inter alia, denied the petition and dismissed the proceeding insofar as asserted against the DOT. The petitioner appeals.
CPLR 7804(c) provides, in pertinent part, that in a CPLR article 78 proceeding against "a state body or officers," service of the order to show cause or notice of petition must be made upon the Attorney General "at an office of the attorney general in the county in which venue of the proceeding is designated, or if there is no office of the attorney general within such county, at the office of the attorney general nearest such county" (see Matter of Sannella v Regan, 111 AD2d 964, 964). Here, the petitioner failed to establish that it served the Attorney General at the proper office location in compliance with CPLR 7804(c) (see Matter of Sannella v Regan, 111 AD2d at 964; see also Matter of Reillo v New York State Thruway Auth., 159 AD3d 993, 994).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding insofar as asserted against the DOT.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court